**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) CASE NO: 2:26-cr-00031-JAD-EJY |
| vs. | ) **FINDINGS OF FACT, CONCLUSIONS** |
| | ) **OF LAW, AND ORDER** |
| RONALD ERIC KANDELL | ) |
| Defendant. | ) |

Based on the pending Stipulation of counsel, and good cause appearing therefore, the Court finds:

1. On May 21, 2026, the Magistrate Court appointed the Defendant, Ronald Eric Kandell, new counsel to represent him in the instant case. ECF 37. Subsequently, this Court granted the parties' stipulation to continue trial in order to give counsel time to investigate the conduct alleged in the Government's Criminal Information. ECF 13, 38, 39. Trial is currently set for September 15, 2026.

2. Counsel has concerns about Mr. Kandell's competency to proceed and is in the process of obtaining a mental-health evaluation, which includes obtaining medical records that will need to be reviewed by the mental-health professional conducting the evaluation. Additionally, a continuance will allow Mr. Kandell to investigate the government's allegations further, to consider a potential plea agreement, and to effectively prepare for trial.

4

3. Mr. Kandell is out of custody and does not object to the continuance.

4. The Government does not object to the continuance.

5. The additional time requested herein is not sought for purposes of delay, but merely to allow counsel for Mr. Kandell sufficient time to conduct a mental-health evaluation of Mr. Kandell and effectively prepare for trial.

6. Additionally, denial of this request for continuance could result in a miscarriage of justice. The additional time requested by this Stipulation is excludable in computing the time within which the trial herein must commence pursuant to the Speedy Trial Act, Title 18, United States Code, Section 3161(h)(7)(A), considering the factors under Title 18, United States Code, Section 3161(h)(7)(B)(i), (iv).

7. This is the third stipulation to continue trial filed herein.

### <u>CONCLUSIONS OF LAW</u>

The ends of justice served by granting said continuance outweigh the best interest of the public and the defendant in a speedy trial, since the failure to grant said continuance would be likely to result in a miscarriage of justice, would deny the parties herein sufficient time and the opportunity within which to be able to effectively and thoroughly prepare for trial, taking into account the exercise of due diligence.

The continuance sought herein is excludable under the Speedy Trial Act, Title 18, United States Code, Section § 3161 (h)(7)(A), when the considering the factors under Title 18, United States Code, § 3161(h)(7)(B)(i), (iv).

///

///

///

///

## **ORDER**

IT IS THEREFORE ORDERED that the parties herein shall have to and including September 11, 2026, to file any and all pretrial motions and notice of defense.

IT IS FURTHER ORDERED that the parties shall have to and including September 25, 2026, to file any and all responses.

IT IS FURTHER ORDERED that the parties shall have to and including October 2, 2026, to file any and all replies.

IT IS FURTHER ORDERED that trial briefs, proposed voir dire questions, proposed jury instructions, and a list of the Government's prospective witnesses must be electronically submitted to the Court by noon on November 2, 2026.

IT IS FURTHER ORDERED that the calendar call currently scheduled for August 31, 2026, at the hour of 1:30 p.m., be vacated and continued to November 2, 2026, at the hour of 1:30 p.m.; and the trial currently scheduled for September 15, 2026, at the hour of 9:00 a.m., be vacated and continued to November 17, 2026, at the hour of 9:00 a.m.

DATED: 8/10/2026

_____

HONORABLE JENNIFER A. DORSEY
UNITED STATES DISTRICT JUDGE

6